Romero et al., Plaintiffs and Appellees, *v.* Romero et al., Defendants (Solís, Appellant).

Appeal from the First District Court of San Juan in an Action to Annul Titles.

No. 2806.—Decided July 23, 1923.

Nullity of Title—Parties.—It resulting on appeal that the part of the property sought to be recovered from the appellant, the former owner, had been sold by her before the action was brought and recorded in the names of the purchasers, who were not made parties defendant, *Held:* That due to a lack of necessary parties the case should be reversed in part and remanded for further proceedings.

The facts are stated in the opinion.
*Mr. I. Hernández* for the appellant.
*Mr. M. Moraza* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

The defendant, appellant, María Solís, and others were sued in an action for nullity of certain titles. The court below considered the action as one partially in revendication, but declared the nullities sought for in the complaint, and

María Solís appealed. This defendant, on appeal, draws attention to the fact that the part of the property formerly belonging to her has been sold and recorded in the name of other persons. The certificate of the registrar so certifies. It mentions a sale to José Díaz Marcillas, and then a sale by him. The land thus appears to be recorded in the name of another person not a party to this suit, and the lack of this party is assigned as error.

Whether this question was raised in the court below we cannot say, but the indications are that María Solís had parted with all title to the property before the filing of the complaint and that another person has it. Under the circumstances the judgment of the court below against María Solís could only have an academic effect. The judgment against her should be reversed and the court should require that the purchasers or purchaser be made parties by virtue of section 74 of the Code of Civil Procedure.

The appellant alleged that certain matters were not specifically alleged in her answer that she had a right to raise as privileged. If she should want to amend, the court below, when the case is sent back, has a full and ample discretion to permit an amendment and to raise all issues, although, of course, the principal persons concerned seem to be the purchasers. The judgment must be reversed as to María Solís and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed in part and remanded.*

Justices Aldrey and Franco Soto concurred.
Chief Justice Del Toro and Justice Hutchison dissented.